IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN REID-DOUGLAS, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 12-1168 |
| ) | |
| ) | Judge Nora Barry Fischer |
| ) | Magistrate Judge Maureen P. Kelly |
| RN SUPERVISOR McANANY; CAPTAIN ) | |
| LEGGETT; CORRECTIONAL OFFICER ) | |
| POZVIAK; CORRECTIONAL OFFICER ) | |
| BRIGGS; CORRECTIONAL OFFICER ) | |
| SCHIRRA; CORRECTIONAL OFFICER ) | Re: ECF No. 16 |
| WRIGHT; CORRECTIONAL OFFICER ) | |
| VAUGHT; CORRECTIONAL OFFICER ) | |
| WILLIAMS; CORRECTIONAL OFFICER ) | |
| TEMANT; CORRECTIONAL OFFICER ) | |
| BINANIGI; CORRECTIONAL OFFICER ) | |
| CRAINE; SERGEANT DORSEY; ) | |
| LIEUTENANT GREGO; LIEUTENANT ) | |
| DUKE, ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

Plaintiff Steven Reid-Douglas, an inmate currently housed at the Pennsylvania State Correctional Institution at Greene ("SCI-Greene"), has filed this *pro se* civil rights action, with an initial Complaint [ECF No. 8], and followed by an Amended Complaint [ECF No. 9] and a Second Amended Complaint [ECF No.   ].  Plaintiff asserts claims under the First, Eighth and Fourteenth Amendments to the United States Constitution for alleged due process violations and retaliation for filing grievances arising out of his incarceration at SCI-Greene.  Concurrent with the filing of his Second Amended Complaint, Plaintiff has also filed a Motion for Temporary

Restraining Order and Preliminary Injunction [ECF No. 16] seeking to prevent his transfer from his current Restricted Housing Unit, in an Administrative Custody cell, to a new program at SCI-Greene, known as the Security Threat Group Management Unit ("STGMU"). For each of the reasons set forth below, it is recommended that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 16] be denied.

## II.     REPORT

Plaintiff alleges that his proposed transfer to the STGMU is in retaliation for filing this civil action and for filing grievances against SCI-Greene staff members and employees for: (1) feeding him "food loaf" containing carrots, to which he is allergic, (2) filing false misconduct charges against him, (3) deliberate indifference to his mental health by seeking to transfer him from Administrative Custody to the STGMU and, (4) keeping him in Administrative Custody for five years without due process. Plaintiff contends that the decision to transfer him to the new unit occurred only after the filing of this action against certain SCI – Greene employees. He further alleges that his new housing assignment is predicated upon a pattern of retaliation or, alternatively, is unlawfully based upon past behavior that occurred five years ago. Plaintiff alleges that his assignment to the STGMU will place him at risk of imminent danger because it will require him to "debrief" prison officials on gang related activity, which will be reported to outside law enforcement authorities. This claim is not supported by any facts and, indeed, Plaintiff fails to explain how or why he will be required to "debrief" prison officials and fails to explain the repercussions, if any, of his failure to cooperate. Plaintiff also fails to support his claim regarding a risk of harm from anyone in the STGMU.

2

## B. STANDARD OF REVIEW

Inmate pro se pleadings which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "[f]our factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir.1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir.1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170–71 (3d Cir. 2001); Emile v. SCI–Pittsburgh, No. 04–974, 2006 WL 2773261, *6 (W.D. Pa. Sept. 24, 2006) (denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.'" Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir.1992)). Thus, when considering such requests, courts are cautioned that:

> [A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of

3

persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972, 117 S .Ct. 1865, 138 L.Ed.2d 162 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." <u>Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53</u>, 520 F.2d 1220, 1230 (6th Cir.1975), *cert. denied*, 428 U.S. 909, 96 S .Ct. 3221, 49 L.Ed.2d 1217 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." <u>Madison Square Garden Corp. v. Braddock</u>, 90 F.2d 924, 927 (3d Cir.1937).

<u>Emile</u>, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. <u>Abu–Jamal v. Price</u>, 154 F.3d 128, 133 (3d Cir. 1998); <u>Kershner</u>, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." <u>Hohe v. Casey</u>, 868 F.2d 69, 72 (3d Cir. 1989) (emphasis in original), (quoting <u>Morton v. Beyer</u>, 822 F.2d 364 (3d Cir. 1987)).

**C.    DISCUSSION**

Plaintiff's request for extraordinary relief does not meet the exacting standard required for a preliminary injunction. Plaintiff requests injunctive relief to prevent his transfer to the STGMU. Defendants have presented the anticipated testimony of Pennsylvania Department of Corrections' officials as well as employees at SCI-Greene, who have represented to counsel that the STGMU is a new unit at SCI-Greene which would enable the facility to identify, house and provide particularized programming for inmates "who exhibit certain disruptive or violent behaviors in connection with or because of their affiliation with a Security Threat Group (STG) –

4

commonly referred to as gangs." [ECF No. 30, p. 5]. The program "has multiple phases of programming and privileges … which are designed in part to assist the inmate in improving his behavior and take steps toward being able to return to a general population setting, and get out of perpetual DC or AC status in the RHU." Id. "Inmate Reid-Douglas is under consideration for placement in the STGMU and has been advised of this. He has a long history of misconducts and disruptive, violent behavior. He is also known to be affiliated with the Bloods. There is an appeal process in place for inmates placed in the STGMU and Inmate Reid-Douglas has been advised of this as well." ECF No. 30, p. 6.

The United States Court of Appeals for the Third Circuit has found that a Security Threat Group Management Unit meets the specific and legitimate penological interest of reducing the increased risk of violence presented by certain inmates, and that transfer to the unit does not violate an inmate's substantive due process rights. Fraise v. Terhune, 283 F.3d 506, 520-523, (3d Cir. 2002).[1] Thus, Plaintiff cannot maintain a substantive due process claim based upon his assignment to the unit. Further, once a decision is made by appropriate officials regarding Plaintiff's transfer to the unit, Plaintiff will be afforded an opportunity to challenge his placement. [ECF No. 30, p. 6]. Plaintiff's procedural due process rights therefore are protected and a procedural due process claim rights will fail. Under these circumstances, Plaintiff cannot demonstrate a likelihood of success on the merits.

---

[1] "Although inmates who are transferred to the STGMU face additional restrictions, we hold that the transfer to the STGMU does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. See Griffin, 112 F.3d at 706-08 (15 months in administrative segregation not atypical and significant hardship); see also, e.g., Jones v. Baker, 155 F.3d 810, 813 (6th Cir.1998) (confinement in administrative segregation for two and one-half years is not 'atypical and significant' hardship); Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir.1996)(rejecting as frivolous a claim that classification as gang member and placement in administrative segregation unit deprived inmate of a protected liberty interest). Thus, the plaintiffs lack a protected liberty interest and their due process claim must fail." Fraise, at 523.

Plaintiff also has not demonstrated that he will suffer irreparable harm in the absence of immediate injunctive relief barring his transfer to the STGMU.  At best, Plaintiff speculates that transfer to the unit will put him in a position where he will be asked for information regarding gang activity within and outside his current facility and this will put him and his family in "imminent danger." [ECF No. 16, p. 7]. His fear, however, is not based upon any credible evidence.  A claim, without more, that placement in the STGMU would place an inmate in immediate harm's way is insufficient to support the grant of extraordinary relief.  McDaniel v. State of New Jersey Dept. of Corrections, 160 F. App'x 254, 255 (3d Cir. 2005).

A court may not grant preliminary injunctive relief unless the Plaintiff can show "immediate irreparable injury, which is more than merely serious or substantial harm." ECRI v. McGraw–Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987).  Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ..." Acierno v. New Castle County, 40 F.3d 645, 655 (3d Cir. 1994); see also, Continental Group. Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980); Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987).   Given the record presented, Plaintiff has not carried his burden of proving either a reasonable probability of ultimate success on the merits, or that he will suffer immediate and irreparable harm if relief is not granted.  Accordingly, his motion for injunctive relief should be denied at this time.

### D. CONCLUSION

For the foregoing reasons, is respectfully recommended that the Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 16] be DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

    Respectfully submitted,

    /s/ Maureen P. Kelly
    MAUREEN P. KELLY
    UNITED STATES MAGISTRATE JUDGE

Dated: December 20, 2012

cc:    The Honorable Nora Barry Fisher
    United States District Judge

    All counsel of record by Notice of Electronic Filing

    Steven Reid-Douglas
    JH-8196
    SCI Greene
    175 Progress Drive
    Waynesburg, PA 15370